**JS 44** (Rev. 12/07)

# CIVIL COVER SHEET

11-CV-5760

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

11 5760

### I. (a) PLAINTIFFS
Francisco Sanchez, Et, Al

**DEFENDANTS**
City of Phila, Et. Al.
PO Nathan Ramos

**(b)** County of Residence of First Listed Plaintiff: **Philadelphia**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: **Philadelphia**
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number): Reginald Allen, Esq., 7601 Crittenden St, F12, Phila, PA 19118 (215) 242-3875

Attorneys (If Known): City of Philadelphia Law Dept.

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☒ 3 Federal Question (U.S. Government Not a Party)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (For Diversity Cases Only)
Citizen of This State: PTF ☒ 1 DEF ☒ 1

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

CIVIL RIGHTS: ☒ 440 Other Civil Rights

## V. ORIGIN (Place an "X" in One Box Only)
☒ 1 Original Proceeding

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing: **42 U.S.C. § 1983**
Brief description of cause: **False Arrest / Excessive Force / Torts**

## VII. REQUESTED IN COMPLAINT:
DEMAND $ **over $151,000**
JURY DEMAND: ☒ Yes

## VIII. RELATED CASE(S) IF ANY

DATE: **9/13/2011**
SIGNATURE OF ATTORNEY OF RECORD: Reginald Allen

SEP 14 2011

**JHS** UNITED STATES DISTRICT COURT  **11 5760**

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: _34 N. Rosehill St. Phila, PA 19134_

Address of Defendant: _1515 Arch St., 14th Floor, Phila, PA 19102_

Place of Accident, Incident or Transaction: _May 5, 2010 and thereafter_
(Use Reverse Side For Additional Space)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))   Yes☐  No☒

Does this case involve multidistrict litigation possibilities?   Yes☐  No☒

RELATED CASE, IF ANY:
Case Number: _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes☐  No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes☐  No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?   Yes☐  No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes☐  No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. Federal Question Cases:
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☒ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify)

B. Diversity Jurisdiction Cases:
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify)

ARBITRATION CERTIFICATION
(Check Appropriate Category)
I, _Reginald Allen, Esq._, counsel of record do hereby certify:
☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $50,000.00 exclusive of interest and costs;
☐ Relief other than monetary damages is sought.

DATE: _9/13/2011_   _Reginald Allen, Esq._   _77083_
                    Attorney-at-Law            Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _9/13/2011_   _Reginald Allen_   _77083_
                    Attorney-at-Law    Attorney I.D.#

CIV. 609 (6/08)

SEP 14 2011

**JHS**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CASE MANAGEMENT TRACK DESIGNATION FORM

Francisco Sanchez, et al. : CIVIL ACTION
v. :
City of Philadelphia :
Et. Al. : NO. 11 5760

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255. ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits. ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks. (✓)

9/13/2011      Reginald Allen       Francisco Sanchez
**Date**       **Attorney-at-law**  **Attorney for**

215-242-3875   267-323-2037         Reginald Allen Esq Counsel
**Telephone**  **FAX Number**       **E-Mail Address**

(Civ. 660) 10/02

SEP 1 4 2011

IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FRANCISCO SANCHEZ<br>34 N. ROSEHILL STREET<br>PHILADELPHIA, PA 19134<br><br>AND<br><br>ALEJANDRA MOTA<br>34 N. ROSEHILL STREET<br>PHILADELPHIA, PA 19134<br><br>AND<br><br>FRANCISCO SANCHEZ AND<br>ALEJANDRA MOTA ON BEHALF<br>OF THEIR MINOR CHILD<br>ZULYMOR RIOS<br>34 N. ROSEHILL STREET<br>PHILADELPHIA, PA 19134<br><br>AND<br><br>FRANCISCO SANCHEZ AND<br>ALEJANDRA MOTA ON BEHALF<br>OF THEIR MINOR CHILD<br>JOHN RIOS<br>34 N. ROSEHILL STREET<br>PHILADELPHIA, PA 19134<br>V.<br><br>THE CITY OF PHILADELPHIA<br>C/O CITY OF PHILADELPHIA<br>LAW DEPARTMENT<br>1515 ARCH STREET, 14TH FLOOR<br>PHILADELPHIA, PA 19102<br><br>AND<br><br>POLICE OFFICER NATHAN RAMOS<br>C/O CITY OF PHILADELPHIA<br>LAW DEPARTMENT<br>1515 ARCH STREET, 14TH FL.<br>PHILADELPHIA, PA 19102<br><br>AND<br><br>CURRENTLY UNAMED AND<br>UNKNOWN CITY OF<br>PHILADELPHIA POLICE OFFICERS | CIVIL ACTION NO.<br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>JURY TRIAL DEMANDED |

COMPLAINT

JURISDICTION

1. This action is brought pursuant to 42 U.S.C. S 1983. Jurisdiction is based on 28 U.S.C. S 1331 and 1343 (1), (3) (4) and the aformentioned statutory provision. Plaintiff further invokes the supplemental

jurisdiction of this Court to hear and adjudicate state law claims pursuant to 28 U.S.C. S 1367 (a) to hear and adjudicate state law claims.

## PARTIES

2. Plaintiff is Fracisco Sanchez who has an address of 34 N. Rosehill Street, Philadelphia, PA 19134.

3. Plaintiff is Alejandra Mota whohas an address of 34 N. Rosehill Street, Philadelphia, PA 19134; Ms. Mota is the wife of Plaintiff Francisco Sanchez.

4. Plaintiffs are Francisco Sanchez and Alejandra Mota who are suing on behalf of their minor child, Zulymor Rios, all of whom have an address of 34 N. Rosehill Street, Philadelphia, PA 19134.

5. Plaintiffs are Francisco Sanchez and Alejandra Mota who are suing on behalf of their minor child, John Rios, all of whom have an address of 34 N. Rosehill Street, Philadelphia, PA 19134.

6. Defendant, the City of Philadelphia is a municipality of the Commonwealth of Pennsylvania and owns, operates, manages, directs and controls the Philadelphia Police Department which employes Defendant Police Officer Nahtan Ramos and the Defendants, the currently unamed and unknown City of Philadelphia Police Officers referred to in the caption above.

7. Defendant Nathan Ramos and the Defendants, the currently unamed and unknown City of Philadelphia Police Officers are employees of the City of Philadelphia, and at all times relevant to the averments of this Complaint, were acting under color of state law, and are being sued in their official and individual capacities.

## FACTUAL ALLEGATIONS

8. On May 5, 2010 2009, Plaintiff Francisco Sanchez was located on his property located at 34 N. Rosehill Street, Philadelphia, PA 19134.

9. At the time and place referred to above, Plaintiff Sanchez was confronted by Defendant Rios, who with out provocation, struck Plaintiff Sanchez, (from hereinafter, "Sanchez") in the head with his gun, injuring and disorienting Sanchez - he may have lost consciousness.

10. Defendant Ramos then entered Sanchez's home without permission and encountered Plaintiff Alejandra Mota, who had seen him strike her husband

from the window - Ramos demanded that she tell him where some unknown alleged suspect had gone, or where he was.

11. Plaintiff Alehandra Mota (from hereinafter "Mota") informed him that she did not know what he was talking about; at that time, Plaintiffs Sanchez and Mota, minor children, Zulymar Rios and John Rios were present in the room, when Defendant Ramos confronted their mother with his gun drawn and pointed in all of their directions.

12. Defendant Ramos physically pushed Mota into the kitchen with the children and began interrogating her in front of the children, about an alleged suspect.

13. Defendant Ramos aked her who the man he struck, Plaintiff Sanchez was, and she responded that he was her husband and that he had not done anything wrong.

14. Defendant Ramos, and other currently unnamed and unknown police officers arrested Sanchez, and placed him in the back of a police cruiser; at that time, Sanchez was bleeding profusely from his head, and the blood was on his clothing.

15. Approximately twenty people observed some or all of the facts described in the preceding paragraphs, including that Sanchez was bleeding and injured.

16. Several of the persons referred to in paragraph 15 started demanding that the police get Sanchez medical attention; however, the Defendant Ramos and the other Defendant Police Officers, kept Sanchez in the back of the poilce cruiser for approximately 20 minutes, as he continued to bleed; the Defendants did not provide him any first aid.

17. While Sanchez was in the back of the police cruiser, they refused Mota's request to see her husband.

18. Upon information and belief the police arrested the person whom they were allegedly looking for somewhere in the neighborhood of Sanchez's home, shortly after or simultaneously when Defendant Ramos hit Sanchez in the head with his gun, and arrested him.

19. When Defendants put Sanchez in the police cruiser, they hit his head on the car, further injuring him.

20. Plaintiff Sanchez was taken to the hospital, where he remained for

approximately two hours, then he was taken to 24th Police District and then to prison, at CFCF, where he remained until he could post bail on May 7, 2010.

21. Plaintiff Sanchez was charged with aggravated assault, disarming a law enforcement officer without legal authorization, hindering the apprehension/ prosecution and harboring or concealing a suspect, possession of an instrument of crime, simple assault, recklessly endangering another person, resisting arrest, robbery (infliction, threat of bodily injury), theft by unlawful taking - movable propery, and receiving stolen property.

22. Plaintiff pled not guilty to all of the charges referred to in paragraph 21 above, and had a trial after which he was found not guilty of all charges on January 13, 2011.; at the hearing, Defendant Police Officer Ramos testified that Plaintiff had committed the crimes referred to in paragraph 21 above.

23. At the trial, multiple witnesses testified that Plaintiff Sanchez had done nothing wrong, and that he was merely minding his business on his property, at which time he was encountered by Defendant Ramos, and assaulted by him.

24. As a result of the incident/arrest on May 5, 2010, and his incarceration, Plaintiff Sanchez had to miss work for several weeks.

25. As a result of the acts of Defendants, Plaintiff Sanchez suffered extreme physical pain and suffering, and also suffered and continues to suffer severe emotional distress.

26. As a result of the acts of Defendants, Plaintiff Mota suffered physical pain from being grabbed and pushed by Defendant Ramos, and suffered and continues to suffer severe emotional distress, particularly from observing her husband being assaulted and arrested for no reason, and for having a gun pointed in her direction and in the direction of her children, and seeing her husband bleeding and injured, and not receiving first aid or medical treatment.

27. As a result of the acts of Defendants acts, both John Rios and Zulymar suffered severe emotional distress and psychological trauma, for which they received and are receiving psychological and/or emotional therapy.

28. Upon information and belief, Defendants made intentionally false statements to other members of the Philadelphia Police Department about

the alleged crimes that Plaintiff Sanchez was charged with, and continued and continue to make such false statements to the present, which falsely accuse Mr. Sanchez of being a criminal, harming his reputation as a law abiding person.

## FIRST CAUSE OF ACTION

29. Plaintiffs incorporates paragraphs 1-28 above as though fully set forth herein by reference.

30. As a direct and proximate result of the Defendants' conduct, including that of the City of Philadelphia and its' Police Department and Police Officers, which was committed under color of state law, Plaintiff Sanchez was deprived of his right to be free from false arrest, unreasonable and excessive force, unlawful search and seizure, false imprisonment and deliberate indifference to the need for medical treatment. As a result of the Defendants' conduct Plaintiff suffered violation of his rights under the laws and the Constitution of the United States, in particular, the Fourth and Fourteenth Amendments thereof, and 42 U.S.C. S 1983.

31. As a direct and proximate result of Defendants' conduct, including that of the City of Philadelphia and its Police Department and Police Officers, which was committed under color of state law, Plaintiff Mota was deprived of her right to be free from false arrest, unreasonable and excessive force, unlawful search and seizure . As a result of the Defendants' conduct she suffered violation of her rights under the laws and the Constition of the United States, in particular, the Fourth and Fourteenth Amendments thereof, and 42 U.S.C. S 1983.

32. As a direct and proximate result of Defendants' conduct, including that of the City of Philadelphia and its Police Department and Police Officers, which was committed under color of state law, Zulymar Rios and John Rios siffered violations of their rights to be free from false arrest, unreasonable and excessive force, and unlawful search and seizure. As a result of the Defendants' conduct, both Zulymar Rios and John Rios suffered violation of ther rights under the laws and the Constitution of the United States, in particular, the Fourth and Fourteenth Amendments thereof, and 42 U.S.C.S 1983.

33. As a direct and proximate result of the acts of the Defendants, all Plaintiff suffered and continues to suffer severe emotional distress, loss of enjoyment of life, and economic loss, all to his detriment and harm.

34. Defendant City of Philadelphia has encouraged, tolerated, ratified and has been deliberately indifferent to the following police patterns, practices and customs and to the need for more or different training, supervision, investigation or discipline in the areas of:

a. Intentionally falsely arresting citizens of Philadelphia, with the knowledge that they do not have sufficient evidence to satisfy probable cause, and conspiring to have such citizens arrested with misleading and/or stale evidence, upon their malicious desire to have persons who have committed crimes in the past further punished for those crimes, with the knowledge that they have served their sentences for the prior crimes; arresting suspects based on racial considerations, e.g., racial profiling.

b. The use of unreasonable force, including potentially deadly force, excessive force and unlawful seizure by police;

c. The proper exercise of police powers, including but not limited to the unreasonable use of force, the excessive use of force and unlawful seizure;

d. The monitoring of police officers whom it knew or should have known were suffering from emotional and/or psychological problems which impaired their ability to function as officers;

e. The failure to identify and take remedial or disciplinary action against police officers who were subject of prior civilian or internal complaints of misconduct;.

f. Police officers' use of their status as police officers to selectively provide false and misleading evidence to the Philadelphia District Attorney's Office and the Court to attempt to ensure convictions and/or false imprisonment pending preliminary hearings and/or trials, against persons whom they selectively desire to be punished, including ex-convicts who have served their sentences, persons whom they have either previously arrested, or simply have stereotyped as being criminals.

g. unlawful arrest, or arrests to achieve ends not reasonably related to their police duties;and

h. The failure of police officers to follow established policies, procedures, directives and instructions regarding how to properly investigate crimes.

35. The City of Philadelphia failed to properly sanction or discipline officers, who are aware of and/or aid and abet violations of constitutional rights of citizens by other Philadelphia Police Officers, thereby causing and encouraging Philadelphia police, including the defendant officers in this case, to violate the rights of citizens such as Plaintiff.

36. Defendants have by the above described actions deprived Plaintiff of rights secured by the Fourth and Fourteenth Amendments to the United States Constitution in violation of 42 U.S.C. S 1983.

WHEREFORE, Plaintiffs requests the following relief:

a. Compensatory damages;
b. Punitive damages;
c. Reasonable Attorney's Fees and Costs;
d. Such other and further relief as appears reasonable and just;
e. A jury trial as to each Defendant as as to each count.

### SECOND CAUSE OF ACITON
### SUPPLEMENTAL STATE CLAIMS

37. Plaintiff incorporates paragraphs 1-35 above as though fully set forth herein.

38. The acts and conduct of the City of Philadelphia Defendants, including its' Police Officers, in this cause of action constitute assault, battery, defamation, intentional infliction of emotional distress, malicious prosecution, false light privacy underthe laws of the Commonwealth of Pennsylvania, and this Court has supplemental jurisdiction to hear and adjudicate these claims.

WHEREFORE, Plaintiff requests the following relief:

a. Compensatory damages;
b. Punitive damages;
c. Reasonable Attorney's fees and costs;
d. Such other and further relief as appears reasonable and just; and
e. A jury trial as to each Defendant and as to each count.

Respectfully submitted,

*Reginald Allen*
Reginald Allen, Esquire